Reuben D. Nathan, Esq. (SBN 208436)
Email:  rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 270-2798
Facsimile: (949) 209-0303

Matthew Righetti, Esq. (SBN 121012)
matt@righettilaw.com
John Glugoski, Esq. (SBN 191551)
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, PC**
220 Halleck Street, Suite 220
San Francisco, California 94129
Telephone:  (415) 983-0900
Facsimile:   (415) 397-9005

(Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE KINDER, as an individual on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>DJI TECHNOLOGY, INC.; SZ DJI TECHNOLOGY CO., LTD.<br><br>Defendants. | Case No. **'21CV1791 JM   MSB**<br><br>**CLASS ACTION COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Pratik H. Shah, Esq. (SBN: 288411)
Email: pshah@dstlawfirm.com
**SHAH D'EGIDIO, APC**
7801 Mission Center Court, Suite240
San Diego, CA 92108
Telephone: (619) 550-3011
Facsimile: (877) 888-6304

John Christian Bohren (SBN: 295292)
Email: yanni@bohrenlaw.com
**BOHREN LAW, APC**
P.O. Box 12174
San Diego, California 92112-3174
Telephone: (619) 433-2803
Facsimile: (800) 867-6779

Attorneys for Plaintiff, JOE KINDER and the Proposed Class

2
**CLASS ACTION COMPLAINT**

Plaintiff, JOE KINDER ("Plaintiff" or "KINDER") brings this action on behalf of himself, and all others similarly situated against DJI TECHNOLOGY, INC.; SZ DJI TECHNOLOGY CO., LTD (hereinafter collectively referred to as "Defendants" or "DJI.")  Plaintiff makes the following allegations based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## **INTRODUCTION**

1.     The drone market is a new industry and an emerging market.  Drones were made available to the general public in 2016.   The drone industry is becoming a compelling one, with global sales reaching $22.5 billion in 2020 and expected to grow substantially by 2025 to a whopping 42.8 billion.[1] "Unmanned aircraft systems" (colloquially and hereinafter referred to as "drones") are becoming increasingly ubiquitous for recreational use."[2]

2.     Drones have a variety of uses including defense, emergency response, disaster relief, conversation, disease control, healthcare, agriculture, weather forecasting, maritime, waste management, energy, search & rescue, surveillance, security, science & research, surveying & GIS, operating unmanned cargo systems, investigation, and/or photography[3].

3.     Drones were originally developed for the military and aerospace industries, but they have found their way into the mainstream because of the enhanced levels of safety and efficiency. Unmanned aerial vehicle (UAV) – also know as drones --operate without a pilot on board and with different levels of autonomy depending on the manufacturer/make/model. A drone's autonomous level can range from remotely piloted

---

[1]  Drone Industry Insights. The Drone Market Report 2020-2025. Available online https://drone-market-report-2020-2025
[2]  Reddit (July 30, 2018), reddit.com/r/drones [https://perma.cc/M93S-C48U] (online community devoted to recreational drone activities, including drone cinematography, first-person-view drone racing, and drone building).
[3]  https://www.businessinsider.com/drone-technology-uses-applications; https://www.dummies.com/consumer electronics/drones/popular-uses-for-drones/

**CLASS ACTION COMPLAINT**

by a human to complete autonomy relying on a system of sensors and LIDAR detectors to calculate its movement.[4]

4.      "Drone technology has been used by defense organizations and tech-savvy consumers for quite some time. However, the benefits of this technology extend well beyond just these sectors. With the rising accessibility of drones, many of the most dangerous and high-paying jobs within the commercial sector are ripe for displacement by drone technology. The use cases for safe, cost-effective solutions range from data collection to delivery. And as autonomy and collision-avoidance technologies improve, so too will drones' ability to perform increasingly complex tasks."[5]

5.      Piloting drones occurs in one of two ways, which is either achieved through Line of Sight (LOS) by observing the drone with your eyes or through an onboard camera.

6.      Through the onboard system, the video image from an onboard camera in the drone is transmitted by radio to a personal video display onto goggles, mobile phone or tablet screen.  By all accounts, this has become the preferred method for consumers to fly drones.[6]

7.      In general, there are only a few features driving consumer's decisions to purchase drones, which include: 1) distance/video transmission, 2) flight time (battery life), 3) weight, 4) camera, and 5) recording/editing features.[7]

8.      DJI manufactures, distributes, advertises, and sells a variety of drone products within the DJI product line and is recognized globally as a leader in this space.[8]

---

[4]   https://builtin.com/drones
[5]   https://www.cbinsights.com/research/drone-impact-society-uav/
[6]   https://dronedj.com/2021/02/18/long-range-fpv-grows-in-popularity/;
https://www.bhphotovideo.com/explora/video/features/what-is-an-fpv-drone; https://www.dronezon.com/learn-about-drones-quadcopters/what-is-fpv-flying-drone-equipment/
https://www.prnewswire.com/news-releases/global-racing-drone-market-to-reach-valuation-of-us786-mn-by-2027-increasing-popularity-of-commercial-racing-events-to-drive-growth-finds-tmr-301007400.html
[7]   https://www.mydronelab.com/blog/what-is-a-drone.html
[8]   https://www.globalbrandsmagazine.com/top-10-drone-companies-in-the-world-2020/;
https://www.marketwatch.com/story/how-dji-has-crushed-the-consumer-drone-industry-and-the-rivals-that-could-still-take-flight-2017-02-17

**CLASS ACTION COMPLAINT**

9.      Consistent with Defendant DJI's self-promotion as the industry leader in the drone industry, its own website states in prominent lettering: "Headquartered in Shenzhen, widely considered China's Silicon Valley, DJI benefits from direct access to the suppliers, raw materials, and young, creative talent pool necessary for sustained success. Drawing on these resources, we have grown from a single small office in 2006 to a global workforce. Our offices can now be found in the United States, Germany, the Netherlands, Japan, South Korea, Beijing, Shanghai, and Hong Kong. As a privately owned and operated company, DJI focuses on our own vision, supporting creative, commercial, and nonprofit applications of our technology. Today, DJI products are redefining industries. Professionals in filmmaking, agriculture, conservation, search and rescue, energy infrastructure, and more trust DJI to bring new perspectives to their work and help them accomplish feats safer, faster, and with greater efficiency than ever before.[9]"

10.     DJI touts that its products are "[e]stablished to produce DJI's innovative products safely and responsibly, our wholly owned subsidiary Shenzhen Dajiang Baiwang Technology Co., Ltd. is a high-tech manufacturing facility specializing in unmanned aerial vehicles. In 2016, Dajiang Baiwang passed the ISO 9001:2015 Quality Management System Certification and in 2017 passed the SGS ISO 14001:2015 Environmental Management System Certification."

11.     All drones sold by DJI are contained within packaging that is uniform in nature - usually square or rectangle in shape, generally white in color, with black typed writing which set forth the specific set of representations relating to the specific features of the product.

12.     DJI representations and warranties relating to the Products' features are prominently displayed on the DJI website or and/on the back of the packaging in a format that is separate and apart from any other information relating to the Products.

---

[9]  https://www.dji.com/company

**CLASS ACTION COMPLAINT**

DJI makes clear to its consumers who have generally never purchased a drone that the features set forth on the DJI website or on the packaging are material terms to consumers.  With virtually no information on the front of the packaging, DJI's forces its consumer's eyes to examine the back packaging of the DJI Products or scramble through a plethora of information located on DJI's website for details relating to the feature of the Products in question.

13.    On the packaging of Products and/or on DJI's own website[10], DJI makes specific representations and warranties to consumers relating to the Products:

- weight
- flight time (battery life)
- distance/video transmission
- camera and/or
- recording/editing.

14.    The DJI products that are the subject of this lawsuit include but are not limited to:

- Mavic
- Mavic Pro
- Phantom
- Mavic Air
- DJI Zoom
- DJI Mini
- Mavic Mini

(collectively, the "Products")

//
//

---

[10]    Some DJI Products may have additional features.

**CLASS ACTION COMPLAINT**

15.    An example of the front side of the packaging of the DJI Mavic Air 2 is set forth below:



**CLASS ACTION COMPLAINT**

16. On information and belief, some of DJI's Products have representations and warranties related to the Products' specifications either on the back of the packaging of the Products, whereas other DJI Products require the consumer to review the specifications on the DJI website or some of the DJI Products provide for specifications on both the DJI Website and the back of the packaging.

17. On DJI's website, DJI represents that the Mavic Air 2 has the following features which is used to promote the Products to consumer and drive sales:

- 48MP Photo /4K/60 fps
- 34-min Max. Flight Time
- 10 km 1080p Video Transmission
- Focus Track
- 8K Hyperlapse
- HDR Photo Video Panorama

18. Each of the stated representations and warranties is material in nature that consumers such as Plaintiff and Class Members relied on them when purchasing DJI Products. Consumers also place emphasis on the flight time and distance/video transmission specifications. DJI touts each of the specifications for each of the Products either on the DJI website and/or on the packaging in order to induce consumers to purchase the Products after looking at, reviewing, and relying on the specific features at issue when purchasing DJI Products.

19. DJI flight time and distance/video transmission representations vary depending upon the DJI Product at issue.

20. DJI represents the distance/video transmission of the Products to be upward of approximately 2 miles. DJI promotes its drones' ability to fly distances of several miles, which is used to promote the Products to consumers, which consumers rely on to make their purchase decisions and in fact purchase on the basis of DJI representations. DJI touts the distance/video transmission representations knowing that they are material to consumers. Consumers rely on DJI's distance/video transmission representations and

warranties to purchase the Products.   Consumers purchase DJI Products with the intention to fly the DJI Products for the distance/video transmission as represented and warranted on DJI's packaging of the Products.

21.    On June 21, 2016, the final rule 14 CFR Part 107 was adopted by the Department of Transportation (DOT) and Federal Aviation Administration (FAA) that issued a press release to Finalize Rules for Small Unmanned Aircraft Systems.   The press release was granted immediate release and was captured in the FAA News "Summary of Small Unmanned Aircraft Rule (Part 107)."

22.    On June 28, 2016, the FAA amended its regulations to allow for the operation of small unmanned aircraft systems (UAS) in the National Airspace System, to address changes to the operation of UAS and the certification of remote pilots.

23.    On October 6, 2020, the FAA issued an immediate press release entitled "Fact Sheet - Small Unmanned Aircraft Systems (UAS) Regulations (Part 107)."   Under operational requirements, the third bullet point states: "Keep your drone within sight. If you use First Person View or similar technology, you must have a visual observer always keep your drone within unaided sight (for example, no binoculars)."

24.    14 CFR 107.31[11], Visual Line of Sight Aircraft Operation, states as follows:

**§107.31  Visual line of sight aircraft operation.**

(a) With vision that is unaided by any device other than corrective lenses, the remote pilot in command, the visual observer (if one is used), and the person manipulating the flight control of the small unmanned aircraft system must be able to see the unmanned aircraft throughout the entire flight in order to:

(1) Know the unmanned aircraft's location;

(2) Determine the unmanned aircraft's attitude, altitude, and direction of flight;

(3) Observe the airspace for other air traffic or hazards; and

(4) Determine that the unmanned aircraft does not endanger the life or property of another.

(b) Throughout the entire flight of the small unmanned aircraft, the ability described in paragraph (a) of this section must be exercised by either:

(1) The remote pilot in command and the person manipulating the flight controls of the small unmanned aircraft system; or

(2) A visual observer.

//

---

[11]   https://www.ecfr.gov/cgi-bin/text-idx?node=pt14.2.107&rgn=div5#se14.2.107_131 (Government Publishing Office)

**CLASS ACTION COMPLAINT**

25.     DJI's representations and warranties relating to flight time and distance/video transmission are false and misleading and thus induce consumers to purchase the Products with the belief that consumers can operate DJI Products to the same specifications set forth in its representations and warranties.  Consumers reading, reviewing, and purchasing the Products based on the specifications are not informed that the Products cannot meet the corresponding flight time and distance/video set forth on DJI's website or on the back of the packing of the Products because (1) consumers cannot legally operate (federal law mandates pilots fly within the VLOS) the DJI Products in a manner consistent with DJI's representations and warranties (2) the actual flight time and distance/video transmission requires conditions that are unobtainable to consumers.  In fact, any disclaimers are intentionally positioned by DJI on either the DJI website or on the back of the DJI packaging in completely different positions than the DJI's representations and warranties related to the specifications for the DJI Products.  DJI clearly attempts to conceal the disclaimer or limitation from the consumer by its positioning of the disclaimers and limitations.

26.     For a consumer to operate a DJI drone based on DJI's representations and warranties would cause the consumer to violate federal law.  It is only until after the consumer purchases the DJI drone that s/he is made aware for the first-time that the drone must be flown within the VLOS and/or the specifications set forth on the packaging or DJI's website are unobtainable. DJI does not inform consumers at the time of purchase that operating the drone in manner consistent with DJI's representations and warranties, would be engaging in conduct that is not legally permissible and that will result in a violation of federal law or that the consumer would not be able to pilot the drone to the specifications set forth on the packaging or DJI's website.

//

//

**CLASS ACTION COMPLAINT**

27.    For example, the specifications for the Mavic Air 2 are set forth on the second (2) page of DJI's website for the Mavic Air 2, as set forth below:



28.    For example, DJI's disclaimers and limitations for the Mavic Air 2, including relating to operating the drone within the visual line of sight, piloting in unobstructed and free of interference conditions are set forth in tiny font unreadable font located on the twenty-third (23) page of DJI's website for the Mavic Air 2, as set forth below:



29.     Despite federal law, DJI does not conform its Products in a manner that would accurately represent DJI's actual flight time and distance/video transmission capabilities.   DJI's Products do not conform to the flight time and distance/video transmission representations and warranties because DJI's actual flight times and distance/video transmission do not meet DJI's representations and warranties.   The conditions DJI claims for the consumer to meet the specifications relating to flight time and distance/video transmission representations and warranties are unobtainable.

30.     Plaintiff purchased the Products at a substantial price premium based on DJI's representations and warranties relating to the Products. Plaintiff would not have bought the Products had he known that DJI's representations and warranties were false, misleading, deceptive, and unfair.

31.     Plaintiff would purchase the Products again in the future if Defendants change their advertising practices or the mechanical embodiment of the Products to conform to accurately reflect the representations and warranties of the Products or in light of drone restrictions and regulations concerning such things as the inability to fly the drone beyond the "line of sight" or to the specifications as stated.

## JURISDICTION AND VENUE

32.     This Court has personal jurisdiction over Defendants. Defendant DJI TECHNOLOGY, INC. is a California corporation with its principal place of business located in California and SZ DJI TECHNOLOGY CO., LTD is a foreign corporation with its principal place of business located at Shenzhen, China, which purposefully avails themselves of the United States consumer market, and distributes the Products to locations within this District and thousands of retail locations throughout across the United States, including, California, where the Products are purchased by thousands of consumers on a weekly basis.

33.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action

**CLASS ACTION COMPLAINT**

Fairness Act ("CAFA"), explicitly provides for original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed Plaintiff class, any member of the Plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

34.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct emanated or occurred within this District.

## PARTIES

35.     Plaintiff JOE KINDER ("Kinder) is a citizen of California and was a resident of San Diego, including when he purchased the Products within the last three years.  On May 1, 2020, Plaintiff Kinder purchased a DJI Mavic Air 2 from DJI's website for $799.00.  Prior to purchasing the DJI Products, Plaintiff saw and read the language for the specifications of the DJI Mavic Air 2 on the DJI website and relied on the representations and warranties and descriptions, statements, details, and features set forth on DJI's website.

36.     Defendant DJI TECHNOLOGY, INC. is a California corporation that has its principal place of business located at Burbank, California.

37.     Defendant SZ DJI TECHNOLOGY CO., LTD is a foreign corporation that has its principal place of business located at Shenzhen, China.

38.     The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendant designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said Defendant by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some

**CLASS ACTION COMPLAINT**

manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as alleged herein.

39.   Defendants produce, market, and distribute the Products throughout retail stores across the United States and its principal place of business is in California. Defendants knew that the representations and warranties relating to the Products is false and misleading to a reasonable consumer, because DJI's representations do not conform or is inconsistent with the Products' representations and warranties.

## FACTS COMMON TO ALL CAUSES OF ACTION

40.   Even sophisticated consumers should be able to trust the representations and warranties on the Products. Manufacturers are required to tell the truth, not conceal, and inform consumers of the true nature of the Products and their abilities for consumers to make an informed decision.

41.   DJI's Products contain specific flight time and distance/video transmission representations and warranties relating to the use of the drone on the packaging of the Products that are not permissible for any consumer. DJI makes specific representations regarding distance/video transmission without informing the Class Member that traveling at such distance violates federal law thereby misleading the public. Each of DJI's Products do not conform to the flight time and distance/video transmission representations and warranties as stated on the packaging and thus the representations and warranties are false and misleading. A reasonable consumer understands Defendants' claims to mean that the Products will perform flight time and distance/video transmission consistent with the representations and warranties on the DJI's packaging and have no reason to believe at the time of purchase that said flight time and distance/video transmission representation and warranties are false and misleading. Defendants know its representations and warranties found on the packaging are false and misleading as evidenced by the need to advise after the purchase that the Products may

**CLASS ACTION COMPLAINT**

not be operated consistent with the flight time and distance/video transmission representations and warranties.

42. Defendants' representations that the Products have a certain flight time and distance/video transmission is false, which induced consumers, including Plaintiff and Class Members, to pay a premium to purchase the Products. Plaintiff and Class Members relied on Defendants' false and misleading misrepresentations in purchasing the Products at a premium price above comparable alternatives. If not for Defendants' misrepresentations, Plaintiff and Class Members would not have been willing to purchase the Products at a premium price. Accordingly, they have suffered an injury as a result of Defendants' misrepresentations.

43. Based on the language that appears on the DJI website, Plaintiff reasonably believed that the Products conform to the flight time and distance/video transmission representations and warranties.

44. A reasonable consumer would understand the flight time and distance/video transmission representations and warranties to mean that the products can be piloted for the specific time and distance as stated on DJI's website and/or on the back of the packaging of DJI's products. These representations and warranties are false and misleading to a reasonable consumer because (1) federal law mandates consumers (pilots) operate drones within the VLOS, and (2) the Products do not conform to the stated flight time and/or distance/video transmission representations and warranties as referenced on the DJI website or packaging of the Products. Defendants knew that consumers such as Plaintiff and Class Members would and did pay for the Products that would conform to DJI's stated representations and warranties than the products which would not conform to DJI's representations and warranties.

45. Plaintiff did not discover that the representations and warranties were false and misleading until after purchasing the Products. Despite reasonable diligence, Plaintiff would not have discovered and lacked the means to discover the deceptive nature of Defendants' violations of law based on DJI's advertising practices.

**CLASS ALLEGATIONS**

46.     Plaintiff Kinder seeks to represent:

(A) All persons in the United States who purchased the Products on or after October 20, 2017 to the present date (the "National Class").  Excluded from the Class are Defendants, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

(B) All persons in the California who purchased the Products on or after October 20, 2017 to the present date (the "California Class").  Excluded from the Class are Defendants, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

(The National Class and California Class, will be collectively referred to as the "Class")

47.     There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a.  Numerosity: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Class is unknown to Plaintiff at this time.  However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.  Typicality: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom they has a well-defined community of interest, and Plaintiff' claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c.  Adequacy: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to the Court

16

to make known any relationship, conflict, or differences with any Class Member. Plaintiff's attorneys and proposed Class counsel are well versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

48. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual class members (the members of the National and California Class will hereinafter be referred to as "Class Members" or the "Class") include, but are not limited to the following:

a. whether DJI misrepresented material facts to the Class concerning the representations and warranties contained on the Products;

b. whether DJI concealed or failed to disclose material information from the Class regarding the Products;

c. whether Defendants' conduct is/was unfair and/or deceptive;

d. whether Defendants have been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this complaint such that it would be inequitable for Defendants to

**CLASS ACTION COMPLAINT**

retain the benefits conferred upon them by Plaintiff and the classes;

e. whether Defendants breached express warranties to Plaintiff and the classes;

f. whether Defendants failed to disclose Products;

g. whether the representations and warranties on the Products are false or misleading;

h. whether Defendants violated California Legal Remedies Act, California Business and Professions Code, and California False Advertising Law;

i. whether the representations and warranties violated any express or implied warranties;

j. whether Plaintiff and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages; and

k. whether the Class is entitled to restitution, rescission, damages, and attorneys' fees and costs.

49. Plaintiff seeks to certify the National Class and California Class pursuant to FRCP 23(b)(2) and FRCP 23(b)(3).

50. Plaintiff's claims are typical of Class Members because Plaintiff, like all members of the classes, purchased Defendants' Products bearing the representations and warranties and Plaintiff sustained damages from Defendants' wrongful conduct.

51. Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CLASS ACTION COMPLAINT**

53.     The prerequisites to maintaining a class action for equitable relief are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate equitable relief with respect to the Class as a whole.

54.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.   For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not.   Additionally, individual actions could be dispositive of the interests of the Class even where certain Class members are not parties to such actions.

## FIRST CAUSE OF ACTION
### Violation Of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*
### (On Behalf of Plaintiff and All California Class Members against Defendants)
*(Injunctive Relief Only)*

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

56.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§1750, et seq. (the "CLRA").

57.     Plaintiff and each California Class Member are "consumers" within the meaning of Civil Code §176l(d).

58.     DJI's sales of Products to Plaintiff and the Class Members are deemed "transactions" within the meaning of Civil Code § 1761(e). The Products purchased by Plaintiffs and the Class Members are "goods" within the meaning of Civil Code § 176l(a). DJI has engaged in unfair methods of competition and unfair and/or deceptive acts or practices against Plaintiff and the members of the Class, in violation of the CLRA by (a)(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a

19

person has a sponsorship, approval, status, affiliation, or connection that the person does not have; (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

59.     As a result of these acts and practices, Plaintiff and the Class Members were damaged in that DJI's unlawful and misleading acts and practices alleged herein played a substantial and material role in Plaintiff and the Class Members' decision to purchase the Products. Absent these acts and practices, Plaintiff and the Class Members would not have purchased the products that they did from DJI.

60.     Pursuant to California Civil Code § l780(a)(2), Plaintiff and Class Members request that this Court enjoin DJI from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above. Unless DJI is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers will be damaged by its acts and practices in the same way as have Plaintiff and the members of the proposed Class.  Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

61.     Pursuant to Section 1782(a) of the CLRA, on October 8, 2021 and October 14, 2021, Mr. Kinder served Defendants by United States certified mail, return receipt requested, with notice of Defendants violations of the CLRA.

62.     Plaintiff seeks injunctive relief, attorneys' fees and costs, and any other relief the Court deems proper and reserves the right to amend the complaint to include the right to seek damages after the exhaustion period under the CLRA has lapsed.

## SECOND CAUSE OF ACTION
**Violation Of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff and All California Class Members against Defendants)**

63.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

64.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

65.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

66.     Defendants violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

67.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

68.     Defendants violated the "fraudulent" prong of the UCL by misrepresenting the consumer's ability to operate the DJI Products at the stated distance and DJI falsely representing the Products' flight time and distance/video transmission.

69.     Plaintiff and the California Class lost money or property as a result of Defendants' UCL violations because: (a) they would not have purchased the Products on the same terms if they knew that the Products did not conform to DJI's stated representations and warranties (b) they paid a substantial price premium compared to other products due to Defendants' misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

### THIRD CAUSE OF ACTION
**Violation Of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq*.**
**(On Behalf of Plaintiff and All California Class Members against Defendants)**

70.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

71.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

72.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

73.     Defendants committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting the stated flight time and distance/video transmission representations and warranties.

74.     Defendants knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading. Defendants' actions in violation of §§ 17500, *et seq*. were false and misleading such that the general public is and was likely to be deceived.  Plaintiff and the California Class lost money or property as a result of Defendants' FAL violations because: (a) they would not have purchased the Products on the same terms if they had known the Products did not conform to DJI's stated representations and warranties; (b) they paid a substantial price premium compared to other similar products due to Defendants' misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## FOURTH CAUSE OF ACTION
### For Breach of Express Warranty
### Violations of Cal. Com. Code § 2313(1)
### (On Behalf of Plaintiff and All California Class Members against Defendants)

75.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

76.     DJI as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that DJI Products have certain specifications that can be met by consumers.

77.     DJI's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the price of the Products, became part of the basis of the bargain between Defendants and Plaintiff and the Class, thereby creating an express warranty that the price of the Products would conform to those affirmations of fact, representations, promises, and descriptions.

78.     The specifications of the Products do not conform to the express warranty because Defendants charged Plaintiff and similarly situated Class Members for features or specifications that cannot be met or that DJI does not meet.

79.     As a direct and proximate cause of DJI's breach of express warranty, Plaintiff and Class Members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they had known the truth; (b) they paid a substantial price premium based on Defendants' express warranties; and (c) the price of the Products do not have the characteristics, uses, or benefits as promised.

80.     On October 8, 2021 and October 14, 2021, Plaintiff mailed letters to Defendants consistent with Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A).   The letters were sent on behalf of Plaintiff and all other persons similarly situated.

## FIFTH CAUSE OF ACTION
### For Fraud
**(On Behalf of Plaintiff and All National Class Members against Defendants)**

81.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

82.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information in connection with the specifications or features of the Products and/or DJI failed to disclose material facts about the Product.

**CLASS ACTION COMPLAINT**

83.    Defendants misrepresented the nature and content of the Products by making the false Claims and/or failing to disclose material information.

84.    The Defendants' misrepresentations and omissions were made with knowledge of the falsehood thereof or in conscious disregard of the likelihood of their falsehood or that they should disclose information to allow consumers to make an informed decision.

85.    The misrepresentations and/or omissions made by Defendants, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Products.

86.    The fraudulent actions of Defendants caused damage to Plaintiff and Class Members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION
### Negligent Misrepresentation
### (On Behalf of Plaintiff and All National Class Members against Defendants)

87.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

88.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.

89.    Defendants misrepresented the specification of the products as stated on DJI's website and/or the back of the packaging of DJI's products.  Defendants had a duty to disclose this information.

90.    At the time Defendants made the false Claims and representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

91.    Defendants negligently misrepresented and omitted material facts about the Products that would impact consumers' decisions.  Plaintiff and the Proposed Class

**CLASS ACTION COMPLAINT**

relied upon the negligent statements or omissions and were deceived and induced into purchasing the Product.

92.     The negligent misrepresentations and/or omissions made by Defendants, upon which Plaintiff and the Proposed Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Products.

93.     Plaintiff and Class members would not have purchased the Products and/or would not have paid a price premium therefore, if the true facts had been known to them regarding the falsity of the Claims.

94.     The negligent actions of Defendants caused damage to Plaintiff and the Class Members, who are entitled to damages and other legal and equitable relief as a result.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**

**(On Behalf of Plaintiff and All National Class Members against Defendants)**

95.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

96.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Products.  Retention of those monies under these circumstances is unjust and inequitable because of Defendants' misrepresentations about the consumer's ability to use the Products per DJI's representations and warranties, which also does not conform to its advertising, which caused injuries to Plaintiff and Class Members because they would not have purchased the Products on the same terms if the true facts had been known.

97.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

**CLASS ACTION COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the National Class and California Class as follows:

A.     For an order certifying the National Class and California Class; naming Plaintiff as Class representative; and naming Plaintiff's attorneys as Class Counsel representing the Class;

B.     For an order finding in favor of Plaintiff and the National and California, Classes, on all counts asserted herein;

C.     For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D.     For injunctive relief enjoining the illegal acts detailed herein;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For an order awarding Plaintiff his reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 20, 2021

Respectfully submitted,
NATHAN & ASSOCIATES, APC

By: /s/ Reuben D. Nathan
Reuben D. Nathan, Esq.
rnathan@nathanlawpractice.com
2901 W. Coast, Suite 200
Newport Beach, California 92663
Telephone: (949)270-2798

Matthew Righetti, Esq. (SBN 121012)
matt@righettilaw.com

26

John Glugoski, Esq. (SBN 191551)
jglugoski@righettilaw.com
RIGHETTI GLUGOSKI, PC
220 Halleck Street, Suite 220
San Francisco, California 94129
Telephone:  (415) 983-0900
Facsimile:   (415) 397-9005

Pratik H. Shah, Esq. (SBN: 288411)
pshah@dstlawfirm.com
SHAH D'EGIDIO, APC
7801 Mission Center Court, Suite240
San Diego, CA 92108
Telephone: (619) 550-3011
Facsimile: (877) 888-6304

John Christian Bohren (SBN: 295292)
yanni@bohrenlaw.com
LAW OFFICE OF JOHN BOHREN
P.O. Box 12174
San Diego, California 92112-3174

Attorneys for Plaintiff, JOE
KINDER and the Proposed
Class

**CLASS ACTION COMPLAINT**